UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Bennie Littleton,                               Case No. 3:15-cv-01878

       Plaintiff

v.                                                     ORDER

TOCI Toledo Prison, et al.,

       Defendants

## BACKGROUND AND HISTORY

P*ro se* Plaintiff Bennie Littleton filed a Complaint under 42 U.S.C. § 1983 against the Toledo Correctional Institution ("ToCI"), ToCI Officer Butts, ToCI Unit Manager Parker, ToCI Quarter Master Gajewski, ToCI Lieutenant Rodriguez, and Ohio Department of Rehabilitation and Correction Director Gary Mohr. In the Complaint, Plaintiff alleges he was touched inappropriately by another inmate but nothing was done in response to his complaint. He further alleges he was assaulted by corrections officers taking him to segregation, and contends his property was damaged or stolen. He seeks monetary damages and transfer to a medical prison facility.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). For the reasons stated below, that Application is denied pursuant to 28 U.S.C. § 1915(g) and this action is dismissed.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1915(a), a court may authorize the commencement of an action without prepayment of fees if an applicant has shown by affidavit that he satisfies the criterion of poverty. Prisoners, however, become responsible for paying the entire amount of their filing fees and costs from the moment they file the Complaint. 28 U.S.C. § 1915(b). When an inmate seeks pauper status, the only issue for the Court to determine is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. *Id.* Moreover, absent imminent danger, the benefit of the installment plan is denied to prisoners who have on three or more prior occasions, while incarcerated, brought an action that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon which relief could be granted. 28 U.S.C. § 1915(g).

When interpreting the "three strike" language of this section, "a complaint...dismissed in part without prejudice for failure to exhaust administrative remedies and in part with prejudice because 'it is frivolous, malicious, or fails to state a claim upon which relief may be granted,' ...should be counted as a strike under 28 U.S.C. § 1915(g)." *Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007). Dismissals of actions entered prior to the effective date of the Prisoner Litigation Reform Act also are counted toward the "three strikes referred to in 28 U.S.C. § 1915(g)." *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir.1998).

As the language of 28 U.S.C. § 1915(g) indicates, the three strike provision will not apply if a "prisoner is under imminent danger of serious physical injury." The imminent danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder*, No. 08-2602, 2011 WL 1105652, at *3 (6th Cir. March 28, 2011). For purposes of determining whether a pleading satisfies this exception, the Court considers whether the Plaintiff is in imminent danger at the time of the filing of the Complaint. *Vandiver,* 2011 WL 1105652 at *2 (noting that "the plain language of § 1915(g) requires the imminent danger to be contemporaneous

2

with the complaint's filing"). Although the Sixth Circuit has not offered a precise definition of "imminent danger," it has suggested that the threat of serious physical injury "must be real and proximate." *Rittner v. Kinder*, No. 06–4472, 2008 WL 3889860 (6th Cir. Aug. 20, 2008). Moreover, "[a]llegations that the prisoner has faced danger in the past and allegations that are conclusory, ridiculous, or clearly baseless do not suffice to allege imminent harm." *Tucker v. Pentrich*, No. 10-1388, 2012 WL 1700701 at *1 (6th Cir. May 15, 2012).

## ANALYSIS

Plaintiff has accumulated three strikes within the meaning of 28 U.S.C. § 1915(g). *See Littleton v. Lundy,* No. 3:09 CV 1374 (ND Ohio Oct. 2, 2009); *Littleton v. Lebanon Correctional Institution*, No. 5:04 CV 668 (ND Ohio May 20, 2004); *Littleton v. Ohio Dep't Rehab. & Corr.*, No. 1:96 CV 270 (ND Ohio Mar. 11, 1996); *Littleton v. Ishee,* Case No. 4: 94 CV 1135 (ND Ohio May 30, 1995); *Littleton v. Ohio Dep't Rehab. & Corr.*, No. 5:94 CV 1624 (ND Ohio Nov. 15, 1994); *Littleton v. Buendia,* 5:93 CV 1114 (ND Ohio June 25, 1993); *Littleton v. Ohio Dep't Rehab. & Corr.*, No. 5:93 CV 2349 (ND Ohio Dec. 21, 1993): *Littleton v. Boltz,* Case No. 5:92 CV 384 (ND Ohio Apr. 13, 1992); *Littleton v. Robinson*, No. 5:92 CV 556 (ND Ohio Apr. 20, 1992).

Because Plaintiff has accumulated three strikes pursuant to 28 U.S.C. § 1915(g), I must decide whether he has adequately pled that he was under "imminent danger of serious physical injury" at the time his Complaint was filed. The Complaint does not suggest Plaintiff is in imminent danger of serious physical injury. Plaintiff alleges he was touched inappropriately by another inmate, was assaulted by corrections officers in February, and had property damages. These are not ongoing deprivations of his constitutional rights that might subject him to a "real and proximate" threat of serious injury. While Plaintiff wants to be transferred to a medical correctional facility where he believes he will receive better care as a wheelchair bound inmate, he does not allege he is in any

imminent physical danger at ToCI. Accordingly, the Court finds the "imminent danger" exception to § 1915(g) does not apply in this case.

## CONCLUSION

Therefore, Plaintiff's Application to Proceed *In Forma Pauperis* is denied pursuant to 28 U.S.C. § 1915(g), and this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. If Plaintiff wishes to proceed with the action, he must pay the full filing fee of $400.00 within thirty days, and must file a Motion to Re–Open Case. The Motion will not be accepted if it is not accompanied by the full filing fee. No other documents will be accepted for filing in this case unless the entire filing fee is paid, and a Motion to Re–Open has been granted.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge